**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern _____ District of  Texas _____
(State)

Case number (*If known*): _____  Chapter 11 ____

❏ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Hallmark Financial Services, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   8 7 _ 0 4 4 7 3 7 5

4. **Debtor's address**

   **Principal place of business**

   5400    Lyndon B. Johnson Fwy
   Number    Street

   Ste 400

   Dallas              TX      75240
   City                State    ZIP Code

   Dallas
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City              State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City              State      ZIP Code

5. **Debtor's website** (URL)

Debtor    Hallmark Financial Services, Inc.                    Case number *(if known)*_____
          _____
          Name

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5   2   4   2

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
                                                  MM / DD / YYYY

          District _____    When _____    Case number _____
                                                  MM / DD / YYYY

Debtor  Hallmark Financial Services, Inc.
_____
Name

Case number (*if known*)_____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____  Relationship _____

District _____  When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
Number          Street

_____

_____  _____ _____
City                                            State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **3**

Debtor   Hallmark Financial Services, Inc.
Name                                                                       Case number (*if known*)_____

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING --   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/15/2026
MM  / DD / YYYY

✗ /s/ Chris Kenney                              Chris Kenney
Signature of authorized representative of debtor      Printed name

Title   CEO and CFO

**18. Signature of attorney**

✗ /s/ Aaron M. Kaufman         Date   06/15/2026
Signature of attorney for debtor                MM    / DD / YYYY

Aaron M. Kaufman
Printed name
Gray Reed
Firm name
1845        Woodall Rodgers Fwy, Ste. 1300
Number       Street
Dallas                                    TX        75201
City                                      State      ZIP Code

(469) 320-6050                            akaufman@grayreed.com
Contact phone                             Email address

24060067                                  TX
Bar number                                State

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HALLMARK FINANCIAL SERVICES, INC., | ) | Case No. 26-[_____] (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Charles Schwab & Co., Inc.<br>2423 E Lincoln Drive<br>Phoenix, AZ 85016 | 13.6% |
| NFS LLC<br>C/O CEDE & Co (Fast)<br>570 Washington Blvd, 5th Floor<br>Jersey City, NJ 07310 | 11.5% |
| Raymond James & Associates, Inc.<br>Corporate Actions<br>880 Carillon Parkway<br>St. Petersburg, FL 33716 | 36.29% |

Fill in this information to identify the case:

Debtor name   **Hallmark Financial Services, Inc.**

United States Bankruptcy Court for the:   **NORTHERN DISTRICT OF TEXAS**

Case number (if known): 

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Hildene Re SPC, Ltd - SP1 c/o Hildene Capital Management, LLC 333 Ludlow Street South Tower, 5th Floor Stamford, CT 6902 | skurland@hildenecap.com; jschechter@hildenecap.com; bjefferson@hildenecap.com; mmcsherry@hildenecap.com; lharris@hildenecap.com | Senior Unsecured Noteholder | | | | $35,638,986.54 |
| 2 | Alesco Preferred Funding X, Ltd. c/o Hildene Collateral Management Company LLC 333 Ludlow Street South Tower, 5th Floor Stamford, CT 6902 | skurland@hildenecap.com; jschechter@hildenecap.com; bjefferson@hildenecap.com; mmcsherry@hildenecap.com; lharris@hildenecap.com | Junior Subordinated Debt Securities Holder | | | | $28,896,757.74 |
| 3 | Hare & Co, LLC Box 11203 500 Ross Street - 154-0455 Pittsburgh, PA 15262 | | Junior Subordinated Debt Securities Holder | | | | $14,448,378.87 |
| 4 | Alesco Preferred Funding XVI, Ltd. c/o Hildene Collateral Management Company LLC 333 Ludlow Street South Tower, 5th Floor Stamford, CT 6902 | skurland@hildenecap.com; jschechter@hildenecap.com; bjefferson@hildenecap.com; mmcsherry@hildenecap.com; lharris@hildenecap.com | Junior Subordinated Debt Securities Holder | | | | $13,883,817.66 |
| 5 | SEI PRIVAT One Freedom Valley Drive Oaks, PA 19456 | | Junior Subordinated Debt Securities Holder | | | | $9,208,654.57 |
| 6 | Bank of NY 252 William Penn Place Suite 153-0400 Pittsburgh, PA 15259 | | Junior Subordinated Debt Securities Holder | | | | $8,500,296.53 |
| 7 | Alesco Preferred Funding XIII, Ltd. c/o Hildene Collateral Management Company LLC 333 Ludlow Street South Tower, 5th Floor Stamford, CT 6902 | skurland@hildenecap.com; jschechter@hildenecap.com; bjefferson@hildenecap.com; mmcsherry@hildenecap.com; lharris@hildenecap.com | Junior Subordinated Debt Securities Holder | | | | $3,825,133.44 |
| 8 | Hildene Opportunities Master Fund, Ltd. c/o Hildene Capital Management, LLC 333 Ludlow Street South Tower, 5th Floor Stamford, CT 6902 | skurland@hildenecap.com; jschechter@hildenecap.com; bjefferson@hildenecap.com; mmcsherry@hildenecap.com; lharris@hildenecap.com | Senior Unsecured Noteholder | | | | $2,289,611.45 |
| 9 | Raymond James & Associates, Inc. Corporate Actions 880 Carillon Parkway St. Petersburg, FL 33716 | | Senior Unsecured Noteholder | | | | $2,283,295.28 |

Debtor  **Hallmark Financial Services, Inc.**                    Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 10 RBC Capital Markets, LLC Associate 60 S 6Th St - P09 Minneapolis, MN 55402-4400 | | Senior Unsecured Noteholder | | | | **$1,620,097.48** |
| 11 Interactive Brokers Retail Equity Clearing 8 Greenwich Office Park Greenwich, CT 06831 | | Senior Unsecured Noteholder | | | | **$1,290,603.97** |
| 12 Stifel, Nicolaus & Company, Incorporated 501 N Broadway St Louis, MO 63102 | | Senior Unsecured Noteholder | | | | **$1,288,498.58** |
| 13 National Financial Services LLC 200 Seaport Blvd, Z1B Boston, MA 02210 | | Senior Unsecured Noteholder | | | | **$1,263,233.90** |
| 14 State Street Bank & Trust Co 16 Wall St FL 5 New York, NY 10005-1901 | | Senior Unsecured Noteholder | | | | **$1,105,329.67** |
| 15 J.P. Morgan Clearing Corp. 14201 Dallas Parkway, 12th FL Dallas, TX 75254 | | Senior Unsecured Noteholder | | | | **$1,088,486.55** |
| 16 Pershing LLC One Pershing Plaza Jersey City, NJ 07399 | | Senior Unsecured Noteholder | | | | **$1,044,273.36** |
| 17 Morgan Stanley Smith Barney LLC 1585 Broadway Ave New York, NY 10036 | | Senior Unsecured Noteholder | | | | **$855,840.97** |
| 18 Charles Schwab & Co., Inc. 2423 E Lincoln Drive Phoenix, AZ 85016-1215 | | Senior Unsecured Noteholder | | | | **$728,464.89** |
| 19 U.S. Bank N.A. 1555 N Rivercenter Drive Suite 302 Milwaukee, WI 53212 | | Senior Unsecured Noteholder | | | | **$552,664.83** |
| 20 Sei Private Trust Company c/o GWP One Freedom Valley Drive Oaks, PA 19456 | | Senior Unsecured Noteholder | | | | **$393,707.90** |
| 21 Wells Fargo Clearing Services LLC 1 N Jefferson Ave St. Louis, MO 63103 | | Senior Unsecured Noteholder | | | | **$269,489.90** |
| 22 Vanguard Marketing Corporation 14321 N. Northsight Boulevard Scottsdale, AZ 85260 | | Senior Unsecured Noteholder | | | | **$227,382.10** |
| 23 Sei Private Trust Company 1 Freedom Valley Drive Oaks, PA 19456 | | Senior Unsecured Noteholder | | | | **$157,904.24** |
| 24 Reliance Trust Company/FIS Global Plus 1100 Abernathy Road 500 Northpark Building, Suite 400 Atlanta, GA 30328 | | Senior Unsecured Noteholder | | | | **$132,639.56** |
| 25 Access Information Holdings LLC P.O. Box 101048 Atlanta, GA 30392-1048 | (888) 869-2727 cdreyer@accesscorp.com | Trade Claim | | | | **$118,791.09** |
| 26 Merrill Lynch Pierce Fenner & Smith Earl Weeks 4804 Deerlake Dr. E. Jacksonville, FL 32246 | | Senior Unsecured Noteholder | | | | **$100,006.02** |
| 27 Axos Clearing LLC 9300 Underwood Avenue Suite 400 Omaha, NE 68114 | | Senior Unsecured Noteholder | | | | **$78,952.12** |

Debtor  **Hallmark Financial Services, Inc.**

Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  LPL Financial Corporation Kristin Kennedy 9785 Towne Centre Drive San Diego, CA 92121-1968 | | Senior Unsecured Noteholder | | | | **$61,056.31** |
| 29  Wedbush Securities Inc. 1000 Wilshire Blvd Los Angeles, CA 90030 | | Senior Unsecured Noteholder | | | | **$52,634.75** |
| 30  Goldman Sachs & Co. LLC 30 Hudson Street Proxy Department Jersey City, NY 07302 | | Senior Unsecured Noteholder | | | | **$27,370.07** |

**CERTIFICATE**

The undersigned, being the President, Chief Executive Officer and Chief Financial Officer of Hallmark Financial Services, Inc., a Nevada corporation (the "Company"), hereby certifies, in the foregoing capacity and not in his individual capacity, as follows:

1.      Attached hereto as <u>Exhibit A</u> are true, correct and complete copies of resolutions adopted by the Board of Directors of the Company on June 11, 2026, and such resolutions have not been amended or revoked and are in full force and effect.

IN WITNESS WHEREOF, I have signed this Certificate as of June 14, 2026.

_____

Christopher J. Kenney, President, CEO and CFO

13299923-1

## EXHIBIT A

### RESOLUTIONS OF THE BOARD OF DIRECTORS OF
### HALLMARK FINANCIAL SERVICES, INC.

WHEREAS the members of the board of directors (the "Board of Directors") of Hallmark Financial Services, Inc., a company existing under the laws of the State of Nevada (the "Company"), have reviewed and considered the presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

WHEREAS the Board of Directors has had the opportunity to consult with management and the financial and legal advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

WHEREAS the Company has entered into that certain Restructuring Support and Forbearance Agreement dated April 3, 2026 (the "RSA"), and considered the advantages and disadvantages to the Company of soliciting acceptances of the prepackaged Chapter 11 Plan of Reorganization for Hallmark Financial Services, Inc. (the "Plan") and the Disclosure Statement Regarding the Chapter 11 Plan of Reorganization for Hallmark Financial Services, Inc. (the "Disclosure Statement") contemplated by the RSA;

WHEREAS the Board of Directors has had the opportunity to review the RSA, the Plan, and the Disclosure Statement, and other documents necessary to perform under the RSA, consult with management and the financial and legal advisors of the Company, and to fully consider each of the strategic alternatives available to the Company and, after careful consideration, the Board of Directors has determined that the RSA, the Plan, and the Disclosure Statement, and the performance of the transactions contemplated thereunder, are advisable and in the best interests of the Company, its stockholders, its creditors, and other parties in interest;

WHEREAS the Board of Directors has previously authorized the dissemination of the Plan and Disclosure Statement to solicit votes from its key impaired creditor constituencies accepting the Plan;

WHEREAS the Company received ballots from all voting classes demonstrating creditors' overwhelming acceptance of the Plan;

WHEREAS the Company, with the assistance of its financial and legal advisors, has negotiated and documented the pleadings, agreements, and other documents necessary to pursue approval of the Disclosure Statement and confirmation of the Plan under title 11 of the United States Code (the "Bankruptcy Code") on the terms set forth in the RSA;

NOW, THEREFORE, BE IT HEREBY

RESOLVED, that, in the good faith exercise of reasonable business judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties that the Company be and hereby is authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code;

RESOLVED, that William Snyder be and hereby is appointed as the Chief Restructuring Officer of the Company, effective as of June 11, 2026, in accordance with the terms and conditions of that certain engagement letter, dated September 12, 2025, by and between CR3 Partners, LLC and the Company (the "Agreement"), as adopted and assumed by Oliver Wyman, LLC ("Oliver Wyman"), effective June 1, 2026, pursuant to that certain letter agreement between the Company and Oliver Wyman dated May 11, 2026; and in connection therewith, Mr. Snyder shall report to the Board of Directors and shall have such authority as is provided for in the Agreement and as may be further modified or directed by the Board of Directors in his capacity as Chief Restructuring Officer or to such other positions as he may hold with the Company;

RESOLVED, that the Chief Executive Officer and Chief Restructuring Officer (each, an "Authorized Signatory") be, and each of then hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute, file or cause to be filed, deliver and verify a voluntary petition and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), to cause the same to be filed in a court of proper jurisdiction (the "Bankruptcy Court"), and to execute and file or cause to be filed with the Bankruptcy Court all petitions, schedules, lists, and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain necessary relief in connection with the Chapter 11 Case;

RESOLVED, that the following law firms be and hereby are employed to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such firms: Gray Reed & McGraw LLP ("Gray Reed") as general bankruptcy counsel, Olshan Frome Wolosky LLP ("Olshan") as

13299923-1

special corporate and litigation counsel, and Greenberg Traurig LLP ("Greenberg") as special regulatory counsel;

RESOLVED, that Oliver Wyman be and hereby is employed to provide the Company financial advisory services and otherwise to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Oliver Wyman's services;

RESOLVED, that Raymond James & Associates, Inc. ("Raymond James") be and hereby is employed to provide the Company investment banking services and otherwise to represent and assist the Company in carrying out its duties under the Bankruptcy Code and in connection with the Plan and a potential Alternative Restructuring Transaction (as defined below), and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Raymond James's services;

RESOLVED, that Stretto, Inc. ("Stretto") be and hereby is employed as the Company's claims and noticing agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Stretto's services;

RESOLVED, that each Authorized Signatory, and any officers, employees or agents (including counsel) designated by or directed by an Authorized Signatory (each such designee an "Authorized Designee," and collectively, the "Authorized Designees," and together with the Authorized Signatories, the "Authorized Persons"), be, and each hereby is, authorized and directed, in the name and on behalf of the Company, to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary;

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and file or cause to be filed all petitions, schedules, statements, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which any of them may deem necessary, proper,

13299923-1

or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case, subject to the authority of the Board of Directors;

RESOLVED, that in addition to the specific authorizations previously conferred upon the Authorized Persons, the Authorized Persons be, and each of them hereby is, authorized and empowered, in the name of and on behalf of the Company, to, subject to the approval of any Alternative Restructuring Transaction and any definitive agreement related thereto by the Board of Directors: (i) take steps to solicit alternative transactions concerning some or substantially all assets of the Company, as contemplated in the RSA (the "Alternative Restructuring Transaction"); (ii) negotiate, execute, deliver and/or file any and all of the agreements, documents and instruments referenced herein, and such other agreements, documents and instruments and assignments thereof as may be required or as such Authorized Person deems appropriate or advisable to advance the Restructuring Transaction (as defined in the RSA) or one or more Alternative Restructuring Transactions, or to cause the negotiation, execution and delivery thereof in such form and substance as any such Authorized Persons may approve, together with such changes and amendments to any of the terms and conditions thereof as such Authorized Person may approve, with the execution and delivery thereof on behalf of the Company, by or at the direction of any such Authorized Persons, to constitute evidence of such approval, (iii) negotiate, execute, deliver and/or file any and all agreements, documents, certificates, consents, filings and applications relating to the resolutions adopted and matters ratified or approved herein and the transactions contemplated thereby, and amendments and supplements to any of the foregoing, and to take such other actions as may be required or as any such Authorized Person deems appropriate or advisable in connection therewith to effectuate such transactions, and (iv) do such other things as may be required, or as may in his or her judgment be appropriate or advisable, in order to effectuate fully the resolutions adopted and matters ratified or approved herein and the consummation of the transactions contemplated thereby;

RESOLVED, that the Authorized Persons shall be indemnified and held harmless by the Company to the fullest extent permitted by applicable law and the Company's organizational documents for all actions taken in good faith in furtherance of these resolutions;

RESOLVED, that in addition to the specific authorizations previously conferred upon the Authorized Persons, the Authorized Persons be, and each of them hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge and deliver any and all such agreements, certificates, instruments and other documents as may be necessary, advisable or desirable to fully carry out and accomplish the purposes of these resolutions; and

RESOLVED, that any and all past actions heretofore taken by any of the Authorized Persons in the name and on behalf of the Company in furtherance of

13299923-1

any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

13299923-1

**Fill in this information to identify the case and this filing:**

Debtor Name __Hallmark Financial Services, Inc.__

United States Bankruptcy Court for the: __Northern__    District of __Texas__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/15/2026__          ✗ __/s/ Chris Kenney__
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

__Chris Kenney__
Printed name

__CEO and CFO__
Position or relationship to debtor

---

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**