Jason S. Brookner (Texas Bar No. 24033684)
Aaron M. Kaufman (Texas Bar No. 24060067)
Lydia R. Webb (Texas Bar No. 24083758)
Emily F. Shanks (Texas Bar No. 24110350)
**GRAY REED**
1845 Woodall Rodgers Fwy, Ste. 1300
Dallas, TX 75201
Telephone:   (214) 954-4135
Facsimile:   (214) 953-1332
Email:       jbrookner@grayreed.com
             akaufman@grayreed.com
             lwebb@grayreed.com
             eshanks@grayreed.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HALLMARK FINANCIAL SERVICES, INC.,[1] | § § § | Case No. 26-80007 (MVL) |
| Debtor. | § § § | |

**DEBTOR'S EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION, (II) APPROVING THE FORM AND MANNER OF
NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE
DEBTOR'S CHAPTER 11 CASE AND BAR DATES, (III) ESTABLISHING
<u>A MASTER SERVICE LIST AND (IV) GRANTING RELATED RELIEF</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:30 A.M. PREVAILING CENTRAL TIME ON JUNE 18, 2026.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE**

---

[1] The last four digits of the Debtor's federal tax identification number are 7375.  The Debtor's mailing address is 5400 Lyndon B Johnson Fwy, Ste 400, Dallas, Texas 75240.

**COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HYBRID HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 18, 2026, AT 10:30 A.M. PREVAILING CENTRAL TIME IN THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 2, DALLAS, TEXAS, 75242.**

**YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE LARSON'S HOME PAGE. THE MEETING CODE IS 2301 476 1957. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LARSON'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Hallmark Financial Services, Inc., the above-captioned debtor and debtor in possession ("Hallmark," or the "Debtor"), respectfully states the following in support of this motion (this "Motion"):[2]

### Relief Requested

1. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the Debtor to redact certain personal identification information; (b) approving the form and manner of notifying creditors of the commencement of the Debtor's chapter 11 case; (c) establishing the deadlines by which proofs of claim must be filed; (d) implementing notice procedures (the "Notice Procedures"); and (e) granting related relief.

---

[2] Capitalized terms used but not yet defined herein shall have the meanings ascribed to them later in this Motion or in the First Day Declaration, as applicable.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this is a core matter pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 107, and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section B.8(f) of the Procedures for Complex Cases in the Northern District of Texas.

**Background**

5.      Founded in 1987 and headquartered in Dallas, Texas, Hallmark is a diversified property and casualty insurance holding company.  Through its non-debtor operating subsidiaries, Hallmark offers commercial and personal insurance solutions to businesses and individuals in specialty and niche markets on an admitted basis.  The business lines include underwriting and servicing property and casualty insurance products that require specialized underwriting expertise and market knowledge.  The company's non-debtor operating subsidiaries are: (a) licensed as admitted carriers in 49 states; (b) licensed as managing general agents ("MGA") in 48 states; (c) eligible as excess and surplus ("E&S") carriers in 45 states; and (d) engaged in active business in 18 states.  Until January 1, 2024, the Debtor was a publicly listed corporation with stock trading on Nasdaq.

6.      On June 15, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committee has been appointed.

7.     A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, are set forth in the *Declaration of William Snyder, Chief Restructuring Officer, in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated herein by reference.  As discussed more fully in the First Day Declaration, the Debtor has entered into a Restructuring Support and Forbearance Agreement ("RSA") with its largest creditor groups and, as such, intends to file its chapter 11 plan (the "Plan") contemporaneously with its bankruptcy petition and other first day motions.  While the Debtor does not seek confirmation of the Plan on an expedited basis, it is the Debtor's intention to pursue confirmation of the Plan as efficiently as possible, consistent with the terms and milestones set forth in the RSA.

### Basis for Requested Relief

**I.     Notice Procedures and Master Service List.**

8.     The Debtor anticipates there will be approximately hundreds of notice parties in this case.  The cost of photocopying and mailing routine pleadings to all potential creditors would be substantial and unduly burdensome, particularly given that not all creditors and parties in interest need to be apprised of routine matters that do not affect their rights.  The proposed Notice Procedures will afford due and adequate notice to all parties in interest without burdening the Debtor's estate with substantial administrative costs.  Accordingly, the Debtor requests that the Court approve the proposed Notice Procedures as set forth herein.

9.     Bankruptcy Rule 2002(a) provides that notice of certain matters must be given to, among others, all of the Debtor's creditors, equity security holders and other parties in interest.  The Bankruptcy Rules, however, further provide that "the court may designate the matters about which, the entity to whom, and the form and manner in which a notice must be sent."

4

Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("Unless these rules provide otherwise, when notice is to be given, the court must designate . . . the form and manner of giving it.").

10.     In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code.  Specifically, section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).  Section 102(1) of the Bankruptcy Code states that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances. . . ."

11.     The Debtor respectfully submits that it is appropriate for the Court to limit notice in this case to avoid needlessly large and recurring expenses in serving routine pleadings.  The continual drafting and filing of motions to limit notice for each pleading, motion, application, notice, brief, objection, response, affidavits, declaration, or other writings filed in this case would constitute an administrative and economic burden on the Debtor's estate.  Accordingly, the Debtor requests that the Court establish the following notice procedures (the "Notice Procedures"):

   a) The Debtor proposes to establish an official master service list (the "Master Service List") that would include the following parties:

   - The Debtor and its counsel;

   - the members of any statutory committee appointed in this case and their counsel;

   - the U.S. Trustee;

- the Bank of New York Mellon Trust Company (the "Senior Unsecured Notes Indenture Trustee");

- Hildene Capital Management, LLC and Hildene Collateral Management Company ("Hildene") and their counsel;

- JP Morgan Chase Bank, N.A. and Bank of New York Trust Company, N.A. (the "Junior Subordinated Debt Securities Indenture Trustees");

- the thirty (30) largest general unsecured creditors (the "Top 30 Unsecured Creditors");

- the Internal Revenue Service;

- The Oklahoma Insurance Department, the Arizona Department of Insurance & Financial Institutions, the Texas Department of Insurance, and any governmental unit, regulatory authority, administrative authority, agency, or department having jurisdiction over the Debtor and its subsidiaries (collectively, the "Insurance Regulatory Authorities");

- the United States Securities and Exchange Commission;

- the United States Attorney's Office for the Northern District of Texas;

- the Office of the Attorney General of Texas; and

- any party that has requested notice pursuant to Bankruptcy Rule 2002.

b) The Debtor further proposes that notice of any filing that must be served on all creditors pursuant to Bankruptcy Rule 2002, except as set forth in section d) herein, be served only on (a) the parties on the Master Service List, (b) any party who has filed a notice of appearance and request for service of pleadings but has not yet been added to the Master Service List, and (c) any party whose interests are affected by the specific filing.

c) The Debtor further proposes to file the initial Master Service List within seven (7) days after entry of an Order by the Court granting this Motion, and the Debtor will update the Master Service List and file a copy thereof fourteen (14) days thereafter, to the extent any changes are made during such fourteen (14) day period, and every sixty (60) days thereafter during the pendency of this case.

d) As required by the Bankruptcy Rules, the matters for which notice would not be limited include the following (except as otherwise ordered): (a) notice of the meeting of creditors pursuant to section 341 of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections to and the hearing on approval of a disclosure statement; (d) notice of the time fixed for filing objections to

and the hearing on the confirmation of a plan of reorganization; (e) notice of any hearing on dismissal or conversion of this case; (f) notice of a hearing on any entity's request for compensation or reimbursement of expenses exceeding $1,000; and (g) notice of any matter with respect to which a different form of notice is ordered to be given by the Court.

e) To the extent that any filing affects any party's rights, the Debtor will be required to provide proper notice as otherwise required by due process and all applicable rules and procedures.

f) To the extent that e-mail addresses are submitted or are obtainable for parties filing a notice of appearance and request for service of papers in this case, the Debtor is authorized to serve those parties by e-mail. Those parties not having access to e-mail will receive service via United States mail or other service as appropriate.

12.     Courts in this district have granted similar relief. *See, e.g.*, *In re Buckingham Senior Living Community, Inc.*, No. 25-80595 (MVL) (Bankr. N.D. Tex. Nov. 19, 2025) [Docket No. 44] (Approving similar notice procedures and creating a complex service list.); *In re Prospect Medical Holdings, Inc.,* No. 25-80002 (SGJ) (Bankr. N.D. Tex. Jan. 15, 2025) [Docket No. 123] (same); *In re Genesis Healthcare, Inc.*, No. 25-80185 (SGJ) (Bankr. N.D. Tex. Jul. 11, 2025) [Docket No. 54] (same); *In re Higher Ground Education, Inc.*, No. 25-80121 (MVL) (Bankr. N.D. Tex. Jun. 20, 2025) [Docket No. 57] (same); *In re CareMax, Inc.* No. 24-80093 (MVL) (Bankr. N.D. Tex. Nov. 19, 2024) [Docket No. 78] (same); *In re Ebix, Inc.*, No. 23-80004 (SWE) (Bankr. N.D. Tex. Dec. 19, 2023) [Docket No. 55] (same).

## II.     Service of the Notice of Commencement.

13.     Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f). Subsection (a) further provides, in relevant part, that "the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).

14.     Through Stretto, Inc., the Debtor's proposed noticing, claims, and balloting agent, the Debtor proposes to serve the notice of commencement, substantially in the form attached as Exhibit 1 to the Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them (i) of the commencement of this chapter 11 case, (ii) the General Claims Bar Date and the Governmental Bar Date (each as defined below), and (iii) that the meeting of creditors under section 341 of the Bankruptcy Code is set for July 22, 2026.

**III.     Approval of Bar Dates.**

15.     Except as otherwise set forth herein, the Debtor also seeks to establish July 30, 2026 (the "General Claims Bar Date"), as the deadline by which all non-governmental persons and entities must submit Proofs of Claim asserting claims[3] that arose on or before the Petition Date (each, a "Claim") against the Debtor in this chapter 11 case.  If approved, the proposed General Claims Bar Date would occur at least 45 days after the Petition Date and at least 30 days after service of the Notice of Commencement, which will clearly set forth the General Claims Bar Date.

16.     In addition to the General Claims Bar Date, section 502(b)(9) of the Bankruptcy Code establishes December 14, 2026, as the deadline by which all governmental units must submit Proofs of Claim asserting Claims that arose on or before the Petition Date against the Debtor in this chapter 11 case (the "Governmental Bar Date").  The Debtor does not seek to shorten this deadline.

---

[3] Except as otherwise defined herein, all terms shall have the meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

17.     The Debtor also seeks to require any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days after the date of entry of such order (the "Rejection Bar Date," and together with the General Claims Bar Date and the Governmental Bar Date, the "Bar Dates").  The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

18.     Generally, claimants must submit a proof of claim to assert a claim in a bankruptcy proceeding.  *See* 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3) typically governs the submission of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which Proofs of Claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).  The Bar Dates proposed herein comply with the Bankruptcy Rules and the applicable provisions of the Bankruptcy Code, are appropriate, and thus should be approved.

**IV.     Cause Exists to Redact Certain Confidential Information.**

19.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  The Debtor requests that the Court authorize the Debtor to redact the addresses of individuals, including the Debtor's employees and former employees, from the list of creditors (the "Creditor Matrix") and any other documents filed in this chapter 11 case.  Although transparency is important to the bankruptcy

process, Congress recognized a counterbalancing interest in enacting section 107(c)(1):  the need to protect the identities and privacy of individuals.  The statutory language demonstrates Congress' desire for courts to have flexibility to protect individuals' identities.

20.      Section 107(c)(1)(B) of the Bankruptcy Code allows a bankruptcy court to shield "[o]ther information" apart from "means of identification," and the definition of "means of identification" is itself a non-exhaustive list of personally identifiable information.  Although an individual's home address is not explicitly enumerated as a "means of identification," *see* 18 U.S.C. § 1028(d), it is nevertheless within the broad scope of section 107(c)(1)(B).  *See In re Endo Int'l PLC*, No. 22-22549, 2022 WL 16640880, at *10 (Bankr. S.D.N.Y. Nov. 2, 2022) ("Home addresses fall within that category of information [protected under 107(c)], as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking, and intimate partner violence alike, and that publishing such information facilitates an identity thief's search for data and a stalker's or abuser's ability to find his or her target.").

21.      With potentially hundreds of creditors and other parties in interest, the Debtor cannot reasonably know with sufficient certainty whether a release of each person's personal information could potentially jeopardize their safety.  Under these circumstances, the Debtor respectfully submits that it is appropriate to authorize the Debtor to redact from any documents filed or to be filed with the Court in this chapter 11 case, including the Creditor Matrix, the home addresses or any other personal addresses provided by such individuals, including those of the Debtor's employees and former employees.  Such information could be used, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.  This risk is not merely speculative.  In at least one known

chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4]

22.     The Debtor proposes to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings redacted pursuant to the order to (a) the Court, the U.S. Trustee, and counsel to any statutory committee appointed in this chapter 11 case and (b) any party in interest upon a request reasonably related to this chapter 11 case directed to the Debtor (e-mail is sufficient),  provided such requesting parties maintain such confidentiality.  A copy of the Order shall be attached to each unredacted document that is shared with any party in interest.  This procedure will ensure that certain parties receive fully unredacted information while balancing the Debtor's concerns about safeguarding parties' safety and privacy.

23.     Courts in this district have granted similar relief to the relief requested herein. *See, e.g.*, *In re Wiser Solutions, Inc.,* No. 26-80002 (SWE) (Bankr. N.D. Tex. Apr. 28, 2026); *In re Hooters of America, LLC,* No. 25-80078 (SWE) (Bankr. N.D. Tex. Apr. 3, 2025); *In re Zips Car Wash, LLC,* No. 25-80069 (MVL) (Bankr. N.D. Tex. Feb. 7, 2025); *In re Buca Texas Restaurants, L.P.,* No. 24-80058 (SGJ) (Bankr. N.D. Tex. Aug. 7, 2024); *In re Cottonwood Financial Ltd*, No. 24-80035 (SWE) (Bankr. N.D. Tex. Feb. 29, 2024); *In re Eye Care Leaders Portfolio Holdings, LLC*, No. 24-80001 (MVL) (Bankr. N.D. Tex. Jan. 22, 2024); *In re Sunland Medical Foundation*, No. 23-80000 (MVL) (Bankr. N.D. Tex. Aug. 31, 2023); *In re Studio Movie Grill Holdings, LLC*, No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 29, 2020); *In re TriVascular*

---

[4] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

*Sales LLC*, No. 20-31840 (SGJ) (Bankr. N.D. Tex. Jul. 7, 2020); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020); *In re SAS Healthcare, Inc.*, No. 19-40401 (MXM) (Bankr. N.D. Tex. Feb. 6, 2019); *In re Taco Bueno Restaurants, Inc.*, No. 18-33678 (SGJ) (Bankr. N.D. Tex. Nov. 7, 2018).

**Reservation of Rights**

24.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the requested relief, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity

12

of any particular claim or a waiver of the Debtor's or any other party in interest's rights to subsequently dispute such claim.

## Notice

25.    The Debtor will provide notice of this Motion to the following parties or their counsel: (a) the U.S. Trustee for the Northern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor; (c) the indenture trustees under the Debtor's prepetition loan facilities; (d) the United States Attorney's Office for the Northern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtor conducts business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is needed.

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 15th day of June, 2026.

**GRAY REED**

By:  _/s/ Aaron M. Kaufman_
Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Lydia R. Webb
Texas Bar No. 24083758
Emily F. Shanks
Texas Bar No. 24110350
1845 Woodall Rodgers Fwy, Ste. 1300
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:       jbrookner@grayreed.com
               akaufman@grayreed.com
               lwebb@grayreed.com
               eshanks@grayreed.com

_Proposed Counsel to the Debtor_
_and Debtor in Possession_

**Certificate of Service**

I certify that on June 15, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

_/s/ Aaron M. Kaufman_
Aaron M. Kaufman

14

**Exhibit A**

**Proposed Order**

4923-5654-9276

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| HALLMARK FINANCIAL SERVICES, INC.,[1] | § | Case No. 26-80007 (MVL) |
| | § | |
| Debtor. | § | **Re: Docket No. ___** |
| | § | |

**ORDER (I) AUTHORIZING**
**THE DEBTOR TO REDACT CERTAIN**
**PERSONAL IDENTIFICATION INFORMATION,**
**(II) APPROVING THE FORM AND MANNER OF NOTIFYING**
**CREDITORS OF THE COMMENCEMENT OF THE DEBTOR'S**
**CHAPTER 11 CASE AND BAR DATES, (III) ESTABLISHING**
**A MASTER SERVICE LIST AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession

(the "Debtor") for entry of an order (this "Order"): (a) authorizing the Debtor to redact certain

personal identification information; (b) approving the form and manner of notifying creditors of

---

[1] The last four digits of the Debtor's federal tax identification number are 7375. The Debtor's mailing address is 5400 Lyndon B Johnson Fwy, Ste 400, Dallas, Texas 75240.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the commencement of the Debtor's chapter 11 case; (c) establishing the deadlines by which proofs of claim must be filed; (d) implementing notice procedures (the "Notice Procedures"); and (e) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Notice Procedures, including the Master Service List, set forth in the Motion are hereby approved.

3.      Notice given in accordance with the Notice Procedures is hereby deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and every filing is hereby subject to the Notice Procedures, unless otherwise ordered by the Court.

4.      Except as otherwise provided herein, all persons and entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim

(as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose before June 15, 2026 (the "Petition Date"), including claims pursuant to section 503(b)(9) of the Bankruptcy Code, shall submit a written proof of such Claim so that it is actually received by Stretto, Inc. (the "Claims and Noticing Agent") on or before July 30, 2026 (the "General Claims Bar Date").

5.      Proofs of Claim submitted by governmental units must be submitted so as to be actually received by the Claims and Noticing Agent on or before December 14, 2026.

6.      Any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease must submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, 30 days after the date of entry of such order (the "Rejection Bar Date").  The Debtor will provide notice of the Rejection Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the Debtor rejects any executory contract or unexpired lease.

7.      The Debtor is authorized to redact from any document filed or to be filed with the Court in this chapter 11 case, including the Creditor Matrix, bankruptcy schedules, and statement of financial affairs, the home addresses or other personal addresses of individual creditors or interested parties.

8.      The Debtor or its proposed claims, noticing, and solicitation agent are authorized to file affidavits of service that include the home addresses of any individual creditor or party in interest under seal without further order of this Court.

9.      The Debtor shall provide an unredacted or unsealed, as applicable, version of any filings redacted or sealed pursuant to this Order to the Court, the Office of the U.S. Trustee, and counsel to any official committee appointed in this chapter 11 case (if any) upon request (upon

entry of a protective order or similar agreement satisfactory to the Debtor and consistent with this Order), provided such requesting parties maintain confidentiality. A copy of this Order shall be attached to each unredacted document that is shared with any party in interest. The unredacted version of the Creditor Matrix shall include a header, or any other reasonable notice, with language notifying the party in interest of this Court's Order, the redacted nature of the document, and attaching this Order.

10.     Upon a request to the Debtor (email is sufficient) that is reasonably related to this chapter 11 case, the Debtor is authorized to provide an unredacted or unsealed, as applicable, full or partial version of any filings redacted or sealed pursuant to this Order as necessary to satisfy the request of any party in interest; *provided* that any receiving party maintain confidentiality and shall not transfer or otherwise provide such unredacted or unsealed document to any person or entity not party to the request. The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted or unsealed document pursuant to this Order. Except as provided in paragraph 4 above, the Debtor is not obligated to provide any unredacted or unsealed versions of any filings redacted or sealed pursuant to this Order to parties in interest absent further order of this Court.

11.     The Debtor is authorized to take reasonable action to prevent an entity's personally identifiable information from being publicly available on the claims register in accordance with the terms of this Order.

12.     No later than five (5) business days after the entry of this Order or as soon as reasonably practicable, the Debtor shall serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, on the Creditor Matrix, all parties who have entered notices of appearance, and all parties who were served notice of the Motion. Service of the Notice of

4

Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of this chapter 11 case and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtor is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### # # END OF ORDER # # #

Submitted by:

Jason S. Brookner (TX Bar No. 24033684)
Aaron M. Kaufman (TX Bar No. 24060067)
Lydia R. Webb (TX Bar No. 24083758)
Emily F. Shanks (TX Bar No. 24110350)
**GRAY REED**
1845 Woodall Rodgers Fwy, Ste. 1300
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:      jbrookner@grayreed.com
            akaufman@grayreed.com
            lwebb@grayreed.com
            eshanks@grayreed.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

6

**<u>Exhibit 1</u>**

**Proposed Notice of Commencement**

```
┌─────────────────────────────────────────────────────────────────────────────────────────────┐
│ ▐ Information to identify the case:                                                            │
│                                                                                               │
│  Debtor      Hallmark Financial Services, Inc.              EIN      87-0447375                │
│                                                                                               │
│  United States Bankruptcy Court for the Northern District   Date case filed for chapter 11    │
│  of Texas                                                                       06/15/2026     │
│                                                                                 MM / DD / YYYY │
│                                                                                               │
│  Case number: 26-80007 (MVL)                                                                  │
│                                                                                               │
└─────────────────────────────────────────────────────────────────────────────────────────────┘
```

## Official Form 309F1 (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Case                                     10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below, through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov), or the website established by the Debtor's claims and noticing agent at: https://cases.stretto.com/Hallmark

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. **Debtor's full name:**   Hallmark Financial Services, Inc. |
|---|
| 2. **All other names used in the last 8 years:** |
| 3. **Address:**   5400 Lyndon B Johnson Fwy, Ste 400, Dallas, Texas 75240 |

| 4. **Debtor's attorneys:** | **GRAY REED**<br>Jason S. Brookner (Texas Bar No. 24033684)<br>Aaron M. Kaufman (Texas Bar No. 24060067)<br>Lydia R. Webb (Texas Bar No. 24083758)<br>Emily F. Shanks (Texas Bar No. 24110350)<br>1845 Woodall Rodgers Fwy, Ste. 1300<br>Dallas, Texas 75201<br>Telephone:  (214) 954-4135<br>Facsimile:  (214) 953-1332<br>Email:       jbrookner@grayreed.com<br>              akaufman@grayreed.com<br>              lwebb@grayreed.com<br>              eshanks@grayreed.com | Debtor's notice and claims agent (for court documents and case information inquiries):<br><br>**Case Website**:<br>https://cases.stretto.com/Hallmark<br><br>**Email**: Hallmark@stretto.com<br><br>**Telephone**: (855) 314-7020 (toll-free) or (949) 744-7849 (international) |

**For more information, see page 2 ▶**

| | | |
|---|---|---|
| **5. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Office of the Clerk<br>Earle Cabell Federal Building<br>1100 Commerce Street, Room 1254<br>Dallas, TX 75242-1496<br><br>All documents in this case are available free of charge on the website of the Debtor's notice and claims agent at https://cases.stretto.com/Hallmark | Hours Open:    Mon.-Fri. 8:30-4:30<br><br>Contact phone:  (214) 753-2000 |
| **6. Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **July 22, 2026, at 2 p.m. (CT)**<br><br>**BY TELEPHONE**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Toll free number:    **1-866-818-4670**<br><br>Alternate number:  **203-480-2179**<br><br>Participant Code:   **3304120** |
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:** To be determined.<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office, or https://cases.stretto.com/Hallmark<br><br>Your claim will be allowed in the amount scheduled unless:<br>■ your claim is designated as *disputed*, *contingent*, or *unliquidated*;<br>■ you file a proof of claim in a different amount; or<br>■ you receive another notice.<br>If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. Once filed, you may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov or https://cases.stretto.com/Hallmark<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If 11 U.S.C. § 523(c) or § 1141(d)(6)(A) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** To be determined |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F1 (For Corporations or Partnerships)   Notice of Chapter 11 Bankruptcy Case